# SEATTLE BREWING & MALTING CO. *v.* A. J. CAMPBELL, TREASURER OF THE TERRITORY.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 12, 1906.     DECIDED NOVEMBER 16, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

FOREIGN CORPORATION, CONSTRUCTION OF STATUTE—"*its capital*" *held not to mean* "*all its capital.*"

A statute which provides that no foreign corporation, with certain exceptions, "which does not invest and use its capital in this Territory," shall have an office in this Territory, unless it first pays a prescribed annual license fee, does not apply to a

foreign corporation engaged in selling beer in the Territory which
in good faith invests a substantial amount of its capital in the
Territory in land, buildings, bottling plant, stock of beer, etc.

OPINION OF THE COURT BY FREAR, C.J.

This is an action to recover two annual license fees and penalties for delinquencies amounting in all to $750 paid under protest by the plaintiff to the defendant upon the latter's demand under Revised Laws, Sec. 2625. It was held in 17 Haw. 364, on exceptions to an order overruling a demurrer, that under the allegations of the complaint the action might properly be brought against the treasurer and that the payment was involuntary. The case having since been tried by the circuit court, jury waived, judgment was rendered for the plaintiff. The defendant now comes here again on exceptions which raise the questions whether the plaintiff invests and uses its capital in the Territory or is engaged in the business of foreign or interstate commerce, in either of which cases it would not be liable to the license fee under the terms of the statute.

The statute, since amended, provided that no foreign corporation, except foreign insurance companies, which "does not invest and use its capital in this Territory" shall have an office in the Territory without first obtaining from the treasurer an annual license to do so, for which license it shall pay one-fourth of a mill on each dollar of the capital stock which it is authorized to have, but not less than $150 in any case; provided, however, that "no license shall be necessary for any corporation engaged in the business of foreign or interstate commerce, or while employed by the government of the United States." A penalty of 50 per centum is imposed for delinquency in paying the fee. The evidence shows that the plaintiff is a West Virginia corporation having breweries in the state of Washington and branches in a number of states and territories including Alaska, and in South America, Africa, Japan, China, India and the Philippines as well as in Hawaii; that its branch here, called the Rainier Bottling Works, receives beer from the

breweries in the state of Washington and occasionally, to save time, from the San Francisco branch, in bulk in containers of different sizes and occasionally in bottles in small quantities; that it draws off from 60 to 70 per cent. of what it receives in bulk and, after putting it through a certain process, bottles and sells it, the remainder being sold in the original containers, and that it deals also to a small extent in fixtures connected with the handling of beer; that the plaintiff has invested about $15,000 here in the purchase of land, the erection of a brick building and the installation of its bottling plant consisting of machinery, ice tanks, refrigerators, etc.; and that its business is conducted by the branches in other places in the same way as in Hawaii excepting that the beer may be shipped in bottles alone to the more remote branches.

We need consider only the first of the two questions presented, namely, that in regard to the plaintiff's investment of its capital in this Territory.

The defendant contends that the "capital" of a corporation is the entire fund with which it transacts its business; that "its capital," within the meaning of the statute, means "all its capital;" that the legislature could not have intended to mean part of its capital, for, if so, an investment of a dollar would answer the requirements, which would be absurd, and that where the words of a statute are ambiguous they should be construed so as to avoid absurdity; also that the amendatory act (act 98, 1905), which inserts the word "all" before "its capital" and the word "solely" after the word "engaged" and before the word "employed" should be regarded as merely declaratory of the meaning which the legislature meant the original law to have. The plaintiff contends that there is no reason for reading the word "all" into the statute; that the statute was born of a grievance of local merchants against foreign corporations which sold through agents by catalogue or sample without having property in the Territory subject to taxation and which therefore would not be under equal burdens with the local merchants, and that the purpose of the statute would be accomplished by

the bona fide investment of a substantial amount of capital in the Territory,—such an amount, for instance, as would naturally be invested by a local dealer carrying on a similar business—and that it would be almost impossible for a foreign corporation to invest and keep all of its capital in one jurisdiction; that the amendatory act was not intended to be declaratory of the meaning of the original act but was meant to alter that with a view to widening its scope which, had been found in practice to be too narrow for its designed purposes; that the insertion of the word "solely" in the proviso could not possibly be regarded as declaratory of the meaning of the proviso as originally worded, for a corporation may be engaged in foreign or interstate commerce even if not solely so engaged; and that the rule of strict construction in favor of the taxpayer, which is usually applied to revenue laws, should be applied to this law, which also, upon its face, shows that it was to have a very limited application.

The words "its capital" are capable of meaning all or some of its capital. If a person invests and uses a considerable portion of his capital here it certainly cannot be said, negatively, that he does not invest and use his capital here. It is the same with a corporation. The word "solely" could not by construction be read into the proviso before the statute was amended. It would be easier to read the word "all" before "its capital" and yet that is not required. The words "its capital" are ambiguous and should be construed favorably to those against whom the statute is sought to be enforced. It does not follow that an investment of a mere nominal sum for the purpose of evading the statute would suffice any more than it would follow from the opposite view that the investment of all but a mere nominal sum would not suffice. There may be cases in which it would be difficult to say whether the statute had been complied with so as to avoid payment of the license fee, but it will be time enough to decide them when they arise. It is sufficient now to decide that the plaintiff has complied with the statute so as not to be liable to the payment of the fees and penalties.

The exceptions are overruled.

*A. G. M. Robertson* for plaintiff.

*E. C. Peters, Attorney General,* and *M. F. Prosser, Deputy Attorney General,* for defendant.